UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21495-BLOOM/Otazo-Reyes

RINALDI ENTERPRISES OF FLORIDA, LLC,

    Plaintiff,

v.

UNITED STATES FIRE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO INTERVENE

**THIS CAUSE** is before the Court upon non-party Perez Structural, Inc.'s ("Perez") Motion to Intervene ("Motion"), ECF No. [27]. Plaintiff Rinaldi Enterprises of Florida, LLC ("Plaintiff") filed a Notice to the Court on Position on Intervention indicating its non-objection, ECF No. [29] ("Notice"). For the reasons explained below, Perez's Motion is granted.

**I.  Background**

Perez served as a subcontractor to Plaintiff, the general contractor, on the project "commonly known as the i5 Wynwood located at 51 N.W. 28th Street, Miami, Florida 33127[]" ("Project"). Motion at 1. Plaintiff and Perez entered into a Trade Contract obligating Perez to perform concrete shell and masonry work on the Project. *Id.* Perez and Defendant United States Fire Insurance Company ("Defendant") provided a payment and performance bond for the Project ("Subcontractor Bond"), with Perez as principal and Defendant as surety. *Id.* Plaintiff and Liberty Mutual Insurance Company ("Liberty Mutual") similarly provided a payment bond for the Project ("Payment Bond"), with Plaintiff as principal and Liberty Mutual as surety. *Id.* at 4.

The Subcontractor Bond provides that Perez and Defendant are jointly and severally liable in the event of Perez's breach under the Trade Contract, subject to a penal sum amount of $4,972,500.00 in the event of nonperformance. *Id.* ¶ 68. Perez and Defendant also executed a General Collateral and Indemnity Agreement ("General Indemnity Agreement"), which requires Perez to "indemnity, keep indemnified and hold harmless [Defendant] from and against any and all Loss[.]" ECF No. [27-1] ¶ 5. Defendant's obligations under the Subcontractor Bond are triggered if Plaintiff declares a "Trade Contractor Default" or after Plaintiff informs Defendant that it terminated the Trade Contract. Motion ¶ 20.

Beginning on August 3, 2022, Plaintiff sent Defendant and Perez several Notices of Default detailing numerous alleged deficiencies with Perez's performance. *Id.* ¶ 34. Defendant did not perform on Perez's behalf in response to those Notices, nor did Defendant fulfill its obligations under the Performance Bond to compensate Plaintiff for the costs incurred due to Perez's non-performance.

On April 20, 2023, Plaintiff initiated the present action against Defendant. Plaintiff's Amended Complaint asserts a breach of performance bond claim against Defendant and seeks a declaratory judgment that Defendant is liable for Plaintiff's damages incurred due to Perez's alleged non-performance. *See generally* ECF No. [16]. Plaintiff did not name Perez as a Defendant in its Amended Complaint. *Id.* Plaintiff is a citizen of Florida, as is proposed intervenor Perez. Defendant is a citizen of New Jersey. Liberty Mutual is a citizen of Massachusetts. Plaintiff's Amended Complaint alleges that diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1). *Id.*

Perez moves to intervene as a Defendant/Counter-Plaintiff. Perez argues that Plaintiff's allegations of Perez's non-performance and its status as principal on the Subcontractor Bond entitles it to intervene as of right under Federal Rule 24(a)(2). Alternatively, Perez contends that

the Court should exercise its discretion to permissively grant Perez's intervention. Plaintiff's Notice does not object to Perez's intervention in this matter but contends that Perez's Motion is procedurally improper. *See generally* ECF No. [29]. Plaintiff contends that Perez lacks standing to answer both counts in Plaintiff's Amended Complaint and objects to what it deems Perez's improper attempt to implead a fourth party, namely, surety Liberty Mutual. *Id.*

## II. Legal Standard

Federal Rule of Civil Procedure 24 provides for intervention of right and permissive intervention. *See* Fed. R. Civ. P. 24. To intervene as of right, the moving party must meet four elements: (1) that the application to intervene is timely; (2) it has an interest in the subject of the action; (3) that, absent intervention, disposition of the action might as a practical matter impede or impair its ability to protect its interest; and (4) its interest is not adequately represented by the existing parties. *See Huff v. Comm'r of IRS*, 743 F.3d 790, 795-96 (11th Cir. 2014) (quoting *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008)); *see also* Fed. R. Civ. P. 24(a)(2).

Additionally, a court may permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982) (citing Fed. 4 R. Civ. P. 24(b)(2)). A party seeking permissive intervention accordingly "must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *In re da Costa Pinto*, No. 17-MC-22784, 2018 WL 6620905, at *5 (S.D. Fla. Aug. 27, 2018) (citation omitted). The decision to allow permissive intervention is discretionary and "may reviewed only for a clear abuse of discretion." *Athens Lumber Co.*, 690 F.2d at 1367. When exercising its discretion to allow permissive intervention, "a district court 'can consider almost

3

any factor rationally relevant but enjoys very broad discretion in granting or denying the motion [to intervene].'" *In re da Costa Pinto*, 2018 WL 6620905, at *7 (alteration in original).

### III. Discussion

As a threshold matter, the Court will not consider Plaintiff's arguments that Perez's intervention is procedurally improper. Plaintiff explicitly noted its lack of objection to Perez's intervention in its Notice.

#### A. Intervention

Perez argues that it may intervene as of right or, alternatively, requests that the Court exercise its discretion to permit intervention. As noted, Plaintiff does not object to Perez's intervention. To support its argument that it may intervene as of right under Rule 24, Perez points to a recent case, *Hart Mech. Contractors, Inc. v. Fed. Ins. Co.*, No. 22-21390-CIV, 2022 WL 18465613 (S.D. Fla. Oct. 14, 2022), that found that the proposed intervenor could intervene as of right on similar facts. *Hart* involved a general contractor seeking to intervene in a subcontractor's lawsuit against the surety. *Hart*, 2022 WL 18465613, at *1. Here, Perez is a subcontractor seeking to intervene in a general contractor's lawsuit against the surety of a subcontract bond. *Hart's* reasoning nonetheless applies to the present action, as the bases for intervention apply with equal force. Like the intervenor in *Hart*, Perez contends that its status as "the principal on the payment bond"—here, the Subcontractor Bond—establishes that intervention as of right is proper. *Id.* at *3.

The Court agrees and finds that Perez may properly intervene as of right. As discussed above, to intervene as of right, Perez must show (1) that the application to intervene is timely; (2) it has an interest in the subject of the action; (3) that, absent intervention, disposition of the action might as a practical matter impede or impair its ability to protect its interest; and (4) its interest is not adequately represented by the existing parties. *See Huff v. Comm'r of IRS*, 743 F.3d 790, 795-

96 (11th Cir. 2014) (quoting *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302-03 (11th Cir. 2008)); *see also* Fed. R. Civ. P. 24(a)(2).

As in *Hart*, Perez's Motion is timely because it was filed before the Court's September 12, 2023 deadline to amend pleadings and join parties. *See* ECF No. [15]; *see also Hart*, 2022 WL 18465613, at *2 n.3 ("The first factor is satisfied because [intervenor] Thornton filed its Motion before the deadline to amend pleadings and join parties."). The second factor is satisfied because Perez is obligated to indemnify Defendant "against any and all Loss, irrespective of whether [Defendant] has made any payment under any of its Bonds[]" under the General Indemnity Agreement.[1] ECF No. [27-1] ¶ 5.

The General Indemnity Agreement also demonstrates that Perez satisfies the third and fourth factors. Like the intervenor in *Hart*, the General Indemnity Agreement renders Perez liable to Defendant if Plaintiff prevails. *See Hart*, 2022 WL 18465613, at *3. Moreover, a judgment in favor of Plaintiff could establish Perez's liability "with respect to Plaintiff's claims, potentially prejudicing [Perez] in subsequent litigation." *Id.* The Court agrees that those considerations demonstrate that Perez may be unable to adequately represent its interests absent intervention.[2]

---

[1] *See Hart*, 2022 WL 18465613, at *2 n.3 ("The second factor is satisfied because the General Agreement of Indemnity … between Thornton and the Defendant Surety requires Thornton to indemnify Defendant for any liability on the Bond. That suffices.") (quoting *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 716 (5th Cir. 1970) ("It is well established that a contractor who has agreed to indemnify his surety on a performance bond can intervene as a party defendant as of right in a suit on the performance bond against the surety[.]"); *Atl. Refinishing & Restoration, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 272 F.R.D. 26, 29 (D.D.C. 2010) ("Additionally, the petitioner, as the principal of the payment bond, has a clear interest in this litigation because if a judgment is granted against the defendant, the defendant is likely to seek indemnification from the petitioner, pursuant to their surety agreement.")) (alterations in original).

[2] As *Hart* accurately observed, "[o]ther courts have weighed these considerations similarly where, as here, a subcontractor sues a surety and a general contractor seeks intervention as a matter of right." *Hart*, 2022 WL 18465613, at *3 (citing *United States ex rel. Preferred Masonry Restoration, Inc. v. Int'l Fid. Ins. Co.*, No. 17-cv-1358, 2019 WL 4126473, at *4 (S.D.N.Y. Aug. 30, 2019) (weighing the third factor in favor of a general contractor seeking to intervene where a subcontractor sued the surety because a judgment against the surety could establish the general contractor's liability and render the general contractor liable to the surety under an indemnification agreement); *S & S Kings Corp. v. Westchester Fire Ins. Co.*, No. 16-

Perez's potential liability under the General Indemnity Agreement also satisfies the fourth factor. As in *Hart*:

> If Plaintiff succeeds in this litigation, Defendant will seek indemnity from [intervenor] Thornton under the Agreement, at which point Defendant and [intervenor] Thornton's interests will be "diametrically opposed." *Posen Constr. v. Lee Cnty.*, No. 2:11-cv-640, 2012 WL 13098419, at *4 (M.D. Fla. June 20, 2012) (citation and quotation marks omitted). At present, "the interest of the two applicants may appear similar," but "there is no way to say that there is no possibility that they will not be different and the possibility of divergence of interest need not be great" to warrant intervention. *Nat. Res. Def. Council, Inc. v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978)."

2022 WL 18465613, at *2. The Court therefore finds that Perez is entitled to intervene as of right under Rule 24. The Court recognizes that permitting Perez to intervene in this action will destroy diversity jurisdiction. The Parties did not note that Perez's intervention poses jurisdictional problems, but a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). The Court accordingly proceeds to determine whether Perez may intervene in this action without destroying subject matter jurisdiction.

### B. Subject Matter Jurisdiction

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.* 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations

---

cv-2016, 2017 WL 396741, at *2 (S.D.N.Y. Jan. 27, 2017) (same); *Clean Earth, Inc. v. Endurance Am. Ins.*, No. 15-6111, 2016 WL 5422063, at *4 (D.N.J. Sep. 28, 2016) (same); *Atl. Refinishing & Restoration, Inc.*, 272 F.R.D. at 29–30 (same)). Here, a general contractor (Plaintiff) is suing the surety (Defendant), and a judgment against Defendant could establish subcontractor Perez's liability with respect to Plaintiff's claims, thus rendering Perez "liable to the surety under an indemnification agreement." *Int'l Fid. Ins. Co.*, 2019 WL 4126473, at *4.

omitted). Plaintiff's Amended Complaint alleges state law claims against Defendant. *See* ECF No. [16] ¶¶ 111, 140. The Amended Complaint also provides that "[s]ubject matter jurisdiction is based upon 28 U.S.C. § 1332(a)(1), diversity of citizenship." *Id.* ¶ 5.

Like Plaintiff, Perez is a citizen of Florida. *See id.* ¶¶ 6-7; *see also* ECF No. [27-2] ¶ 4 ("Perez is a corporation organized and existing under the laws of the State of Florida, whose principal place of business is located in the Southern District of Florida."). Perez's intervention would accordingly destroy complete diversity between Plaintiff and Defendant, "a corporation organized and existing under the laws of the State of Delaware, whose principal place of business is located in New Jersey."[3] ECF No. [16] at ¶ 8. Perez's proposed counterclaim also seeks to implead surety Liberty Mutual. *See generally* ECF No. [27-2] ("Proposed Counterclaim"). Liberty Mutual "is a foreign corporation organized and existing under the law[s] of the State of Massachusetts, whose principal place of business is located in Massachusetts." *Id.* ¶ 7. Unlike Perez itself, impleading Liberty Mutual accordingly does not destroy complete diversity between the Plaintiff and Defendant.

Perez asserts that the Court has supplemental jurisdiction over its counterclaims "because the causes of action arise under the contractual relationship between REF and Perez at issue in the original complaint and are thus related to the original jurisdiction claims within the meaning of 28 U.S.C. § 1367 (a)[.]" Proposed Counterclaim ¶ 3. Supplemental jurisdiction "permits 'federal courts to decide certain state-law claims involved in cases raising federal questions' when doing

---

[3] Plaintiff also seeks declaratory relief under 28 U.S.C. §§ 2201-2202. ECF No. [16] ¶ 1. This fails to provide an independent basis for federal jurisdiction, however, as Plaintiff's underlying claims are governed by state law. *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1340 (11th Cir. 2018) ("[T]he Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts … Accordingly, 'we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question.' Instead, we 'must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law.'") (quoting *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859 (11th Cir. 2008)).

so would promote judicial economy and procedural convenience." *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348–49 (1988)). The rules governing the exercise of supplemental jurisdiction are codified as 28 U.S.C. § 1367. As relevant here, § 1367(b) provides:

> **(b)** In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

*Id.* § 1367(b).

§ 1367(b) accordingly provides that exercising supplemental jurisdiction over a person "seeking to intervene as plaintiffs under Rule 24" is improper where the district court in question has "original jurisdiction founded solely on section 1332[.]" *Id.* Here, Perez's Proposed Counterclaim asserts claims arising out of the same contractual dispute—breach of the Trade Contract—and seeks to implead an additional diverse party, surety Liberty Mutual. The Court accordingly must determine if it may exercise supplemental jurisdiction over Perez's counterclaims considering Perez destroys diversity among the Parties, but absent this defect, exercising supplemental jurisdiction is otherwise proper. Although Perez does not raise this argument, the Court is nonetheless persuaded by *Hart's* reasoning that exercising supplemental jurisdiction is proper in this context.

In *Hart*, the court first noted "[t]he Eleventh Circuit has not determined whether a district court loses jurisdiction when a non-diverse intervening defendant who has seemingly destroyed diversity tries to then fall back on diversity as an anchor for supplemental jurisdiction." 2022 WL 18465613, at *5. The court found that "courts in other circuits have held that the issue

depends on whether the intervening defendant is *dispensable.* If the intervenor is indispensable, there is no supplemental jurisdiction."[4] *Id.* (emphasis in original) (collecting cases). *Hart* was persuaded by this analysis and proceeded to determine whether the defendant-intervenor was a dispensable or indispensable party. The court determined that the defendant-intervenor's status as a joint obligor showed that it was a dispensable party—thereby permitting the court to properly exercise supplemental jurisdiction—in view of the Eleventh Circuit's finding that "[j]oint obligees are indispensable parties in breach-of-contract actions, and joint obligors are not."[5] *Id.* (citing *Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc.*, 704 F.2d 585, 586-87 (11th Cir. 1983)).

As in *Hart,* Perez is a non-diverse intervenor "who has seemingly destroyed diversity [and] tries to then fall back on diversity as an anchor for supplemental jurisdiction." *Id.* Moreover, Perez's status as a joint obligor under the Subcontract and General Indemnity Agreement establishes that Perez is a dispensable party under controlling precedent. *Id.* (citing *Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc.*, 704 F.2d 585, 586-87 (11th Cir. 1983)). The intervenor in *Hart* sought intervention in order to move to dismiss or stay the plaintiff's complaint in light of the defendant-intervenor's pending state court action, however. *Id.*, at *1. Here, Perez seeks to intervene for the purpose of asserting counterclaims against Plaintiff. Although the Court is persuaded by *Hart's* reasoning, it accordingly must determine if exercising supplemental

---

[4] *Hart* also pointed out that "[o]ther district courts in the Eleventh Circuit have found this distinction persuasive and applied it in similar contexts." (citing *Blue Heron Beach Resort Developer, LLC v. Branch Banking & Tr. Co.*, No. 6:13-cv-372, 2013 WL 12161446, at *9 (M.D. Fla. May 15, 2013) ("And, while not addressed by the Eleventh Circuit Court of Appeals, other federal circuit courts have found that supplemental jurisdiction over a nondiverse defendant intervenor is proper, but only so long as the intervening defendant is not indispensable.")).

[5] *See also Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 727 F. Supp. 2d 256, 285 (S.D.N.Y. 2010) (holding that bondholders intervening as defendants to assert counterclaims did so outside the scope of § 1367(b)'s jurisdiction-stripping provision).

jurisdiction is proper where, as here, the intervenor seeks to join the action only for offensive purposes.[6]

In *Blue Heron Beach Resort Developer, LLC v. Branch Banking & Tr. Co.*, No. 6:13-cv-372, 2013 WL 12161446 (M.D. Fla. May 15, 2013), the court permitted a nondiverse but dispensable party to intervene to assert a counterclaim against the plaintiff and a crossclaim against the named defendant. *Id.*, at *9. In reaching its conclusion that exercising supplemental jurisdiction was proper, the court noted that "[a] party's self-denomination is not determinative, and courts have a duty to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'" *Id.*, at *9 n.10 (quoting *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941)) (internal quotation marks omitted). The court found that the intervenor, "who seeks to ensure payment of the delinquent tangible personal property taxes … is properly aligned as a defendant in this action." *Id.*

Here, Perez is plainly a Defendant in this action. Plaintiff accuses Perez of the underlying breach of the Subcontract and brought this action against Defendant based on its alleged failure to compensate Plaintiff for Perez's breaches. Moreover, Perez and Plaintiff are diametrically opposed in this action, as each accuses the other of breach. Perez and Defendant are conversely aligned for present purposes, as each seeks to avoid liability under the Trade Contract. For these reasons, the Court is persuaded that Perez's offensive posture is no bar to the exercise of supplemental jurisdiction, as Perez is squarely on Defendant's side of the dispute. Consistent with *Hart* and *Blue Heron*, the Court concludes that exercising supplemental jurisdiction over Perez's Counterclaims is proper, as Perez's "joinder does not divest the Court of jurisdiction." 2022 WL 18465613, at *5.

---

[6] Plaintiff's Notice observes that "Perez lacks standing to provide an answer" to both Counts in Plaintiff's Amended Complaint. ECF No. [29] ¶¶ 2-4. Perez's Proposed Counterclaim similarly notes that neither Count "presently allege[s] a claim against Perez" and that Perez "[a]ccordingly is not required to respond to the allegations contained therein."

Case No. 23-cv-21495-BLOOM/Otazo-Reyes

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Perez's Motion, **ECF No. [27]**, is **GRANTED**.

2. Perez must separately file its Answer and Counterclaims **by November 16, 2023**.

3. Plaintiff must file a response to Perez's Counterclaims, if any, **by November 30, 2023**.

4. Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Perez must serve a summons and its Answer and Counterclaim on Liberty Mutual **by December 30, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 13, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record